Tracey Faye CORTEZ, Plaintiff–Appellant,

v.

AIR NEW ZEALAND LIMITED (USA), Defendant–Appellee.

No. 03–56839.

United States Court of Appeals, Ninth Circuit.

Submission Deferred May 5, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 26, 2006.*

Filed Oct. 2, 2006.

Clay Robbins, III, Esq., Magana, Cathcart & McCarthy, Los Angeles, CA, for Plaintiff–Appellant.

Rod D. Margo, Esq., Condon & Forsyth, Los Angeles, CA, for Defendant–Appellee.

Before: D.W. NELSON, HAWKINS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Plaintiff Tracey Faye Cortez appeals the district court's grant of summary judgment to defendant Air New Zealand Limited (USA). We affirm.

Cortez first argues that this court wrongly decided *Rodriguez v. Air New Zealand,* 383 F.3d 914, 916–19 (9th Cir. 2004), which held that the development of deep vein thrombosis ("DVT") was not an "accident" as that term is used in Article 17 of the Warsaw Convention. Cortez contends *Rodriguez* is inconsistent with the Supreme Court's decision in *Olympic Airways v. Husain,* 540 U.S. 644, 124 S.Ct. 1221, 157 L.Ed.2d 1146 (2004). In *Rodriguez,* however, we fully considered and distinguished *Husain,* 383 F.3d at 918, and, moreover, as a three-judge panel, we lack the authority to disregard *Rodriguez.*

Cortez next argues that the airline should be liable under the Warsaw Convention because its failure to warn of the risk of DVT is an "accident," that is, an "unexpected or unusual event." *See Air France v. Saks,* 470 U.S. 392, 405–06, 105

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 1338, 84 L.Ed.2d 289 (1985). We recently rejected this argument in *Caman v. Continental Airlines,* 455 F.3d 1087 (9th Cir.2006). In *Caman,* we explained the difference between the "accident" requirement of Article 17 and the defenses available to a carrier under Article 20(1) when a carrier has "taken all necessary measures to avoid the damage":

> Attributing liability to an air carrier for failing to do all it can to prevent an injury that is inherent in air travel ... improperly shifts the focus of the inquiry from the nature of the event which caused the injury to the alleged failure of the air carrier to avert the same. In addition, interpreting the term "accident" to include a failure to warn of a possible risk of flight would incorporate into Article 17 an inquiry that is properly left to analysis under Article 20(1) once it has been established that an accident has occurred.

455 F.3d at 1092. We went on to conclude that the failure to warn of the DVT risk is not an Article 17 "event." *Id.*

█ Although Cortez argues the factual record in his case differs from the facts in *Caman,* nothing about the holding in *Caman* is tied to its specific evidence. Rather, the decision turns on the interpretation of two different provisions of the Warsaw Convention, and the nature of the alleged act of omission. *See id.* Cortez's reliance on footnote four of *Caman,* 455 F.3d at 1091 n. 4, is thus misplaced. Although in *Caman* we declined to address the *general* question of whether an air carrier's departure from an industry standard or its own company policy is "unexpected" for the purpose of defining an Article 17 "accident," we specifically concluded that a failure to warn of the risk of DVT is not an

"event" for Article 17 purposes. *Id.* at 1092. If no "event" has occurred, it matters not whether that non-event is "unusual or unexpected." Even though *Caman* may leave open a question for another day in another context, it definitively resolves the DVT failure to warn issue, and in a way that is fatal to Cortez's claim.

AFFIRMED.